```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                           EASTERN DIVISION


DAVID ORR,                        )
                                  )
           Plaintiff,             )
                                  )
      v.                          )    No. 4:05CV2270(HEA)
                                  )
JAMES PURKETT, et al.,            )
                                  )
           Defendants.            )
```

**OPINION, ORDER AND MEMORANDUM**

This matter is before the Court upon the application of David Orr (registration no. 1104986), an inmate at the Eastern Reception and Diagnostic Center (ERDCC), for leave to commence this action without payment of the required filing fee [Doc. #1]. For the reasons stated below, the Court finds that the applicant does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $28.21. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1) a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must

assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six month period. *See* 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id*.

Applicant has submitted an affidavit and a certified copy of his prison account statement for the six month period immediately preceding the submission of his complaint. *See* 28 U.S.C. § 1915(a)(1),(2). A review of applicant's account statement indicates an average monthly deposit of $141.03, and an average monthly account balance of $34.66. Applicant has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $28.21, which is 20 percent of applicant's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the

action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978), *cert. denied*, 439 U.S. 1070 (1979).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

### The complaint

Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights. Named as defendants are James Purkett, Mariann B. Atwell, Ed Cullumber, and Dr. Jones. Briefly, plaintiff alleges that prior to his incarceration he was diagnosed as suffering from mental disorders

3

and prescribed Prozac, Clonepin, and Benedryl. Plaintiff was incarcerated in January 2004, and states that he has not been provided Clonepin and Benedryl. Exhibits attached to the complaint indicates that defendant Dr. Jones changed plaintiff's medications because Clonepin and Benedryl are not prescribed to inmates due to protocols established by the Missouri Department of Corrections (MDOC). Plaintiff contends that these alternative medications are not as effective as Clonepin and Benedryl. Plaintiff claims that he is being denied adequate medical care in violation of the eighth amendment.

## Discussion

Plaintiff's complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). An inmate's complaint of inadequate medical care amounts to an eighth amendment violation if the inmate alleges "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Dulany v. Carnahan*, 132 F.3d 1234, 1237-38 (8th Cir. 1997). Mere negligence in diagnosing or treating a medical condition does not rise to the level of a constitutional violation. *Estelle*, 429 U.S. at 106. A mere disagreement over treatment methods also does not rise to the level of a constitutional violation. *Smith v. Marcantonio*, 910 F.2d 500, 502 (8th Cir. 1990).

As noted above, plaintiff has received treatment for

4

his mental condition.  Plaintiff contends only that the treatment he is currently receiving is not as effective as his prior treatment.  Consequently, plaintiff's allegations indicate only a disagreement over treatment methods or - at best - negligence in treating his condition.  Therefore, the instant complaint should be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial partial filing fee of $28.21 within thirty (30) days from the date of this order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief may be granted or both.  *See* 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this 15th day of March, 2006.

                                          */s/*
                        **UNITED STATES DISTRICT JUDGE**